Okay, the first argued case this morning is number 151621, Kramer v. Creative Compounds. Mr. Collins. Thank you, your honor. Good morning. May it please the court. I represent my clients, Ron Kramer, Sally Abraham, and Thermalife International, LLC. I want to point out to your honors that in the briefing, Thermalife International, LLC was lumped together as one of the parties seeking fees here. It is not seeking fees. There's no argument that it prevailed on any claim before the district court. That was simply the result of using the wrong plural. It should just be Kramer and Abraham seeking fees. Is this only related to attorney's fees under 285 and whether this is an exceptional case? Because I know to receive costs, you have to be the prevailing party also, but I didn't understand your brief as appealing the prevailing party definition under the context of what is it, 54D for costs. I believe 54D is mentioned in the brief. It's certainly not a central argument in the brief, but we are appealing also the denial of costs to Kramer and Sally Abraham. Where is that in your brief? I mean, I hear you say that in oral argument, but I'm not sure. I believe in the conclusion of the reply. Conclusion of the reply? I know the cost is mentioned. I looked at this issue last night. At the end of the day, there were not substantial costs here, your honors. The critical issue is the attorney's fees. There were relatively substantial attorney's fees incurred by my clients, despite the fact that they repeatedly offered walkaway settlements throughout the underlying litigation. Okay, but you need to persuade us why the district court exceeded its discretion in balancing whatever, as he balanced it. Your honor, respectfully, I believe the standard here should be de novo, and that's based on the SSL services case. That case was decided six months after the United States Supreme Court decided both Octane Fitness and Highmark. So it's just your position that with respect to the prevailing party finding that that's reviewed under the de novo standard review and everything else would be under an abusive discretion? Absolutely. Exceptionality, your honor, should be reviewed for abusive discretion. Whether or not the underlying conduct in the litigation is exceptional is, according to the United States Supreme Court, very clearly reviewed for abusive discretion. The issue in this case is whether or not the underlying conduct was exceptional. In fact, the district court never got to that issue. So we've asked this court to remand the proceedings with a reversal on the prevailing party issue. When you say the district court never got to it, and I realize the district court's decision, and I don't think it's disputed, is limited to whether or not you are the prevailing party, but it also says, as an aside, it may be a throwaway sentence, but it says it nonetheless, that it sees no litigation misconduct or abuse of any process at all in this case. Now, the decision is clearly limited to prevailing party, but in light of a statement like that, what's the point of this case? I mean, you're not likely, it doesn't seem to me, by having the district court say he sees nothing in the way of litigation misconduct or abuse of process or anything else in this case, it seems very unlikely that even if we were to find for you on prevailing party that anything is happening other than you're incurring more costs now. I understand that. If the district court had unequivocally said, this is not an exceptional case, and there were two bases for his ruling here, we wouldn't appeal this. Because the abuse of discretion standard on exceptionality and the factors that go into an exceptionality finding, that's going to be the conclusion. I do know that there's a throwaway line, what I would call a throwaway line. It's certainly not a holding. It's certainly not something that's backed up by analysis, that the conduct may not be exceptional as he sees it on the papers. But we do, when you look at the record, certainly what went on here isn't typical patent litigation, isn't typically how this case should have played out. And we do view the underlying conduct as exceptional. And we'd like the opportunity, right? You had the opportunity because when you made your motion, you had to present all of that evidence in the context of the motion itself. That issue was briefed in front of the court. That's absolutely correct. I don't believe that there's a finding on that issue. When he says the court, because he says the court finds only for the purposes of determining a failing party, that there has been no litigation misconduct or abuse of advocacy. I don't think that statement means that there was no abuse of conduct. What? There has been no litigation misconduct or abusive advocacy. Only for the purposes of determining prevailing party, he makes that conclusion. I don't even understand how that's relevant to determining prevailing party, first off. Well, then I don't understand the sentence either. Then why does it say only for purposes of determining prevailing party? I think what he's trying to say is, look, the underlying misconduct isn't relevant for determining prevailing party. I think the sentence, I think we can agree the sentence isn't perfectly worded. If the court explicitly said, I would not find exceptionality on these facts, we wouldn't be in front of you. That would be a waste of money. So what we have here is we have the only disputed issue before the district court being decided in my client's favor. You've got to realize that below, Creative Combounds conceded direct infringement. From the beginning, this case was an infringement through advertising. And in interrogatories, Creative responded, yes, we have advertised this for sale. And in their summary judgment briefings, they conceded that they infringed Claim 11 of the patent by advertising it for sale. Your position is that you're the prevailing party because they challenged the validity of your patent and lost. Can we talk about the res judicata issue in particular? Absolutely. And what is it that res judicata applies to? Is it just the defense that they raised and lost on? Or does it go beyond that? Well, it's more than a defense that they raised here. They actually raised an affirmative claim to invalidate the patent issue. And I think that's important. If this was an infringement, it certainly would not be as strong. But they raised an argument that the patent was invalid. Because you're saying the suit is at basic, a DJ action. They brought a DJ action. You didn't sue them. They sued you. That's absolutely correct. They brought action challenging the patent. That's absolutely correct. And that you think is a significant distinction? I think it's critical. Because very early on in this case, that's what this case was about. They sued us for a DJ action. My client called them directly. They ran to court in, I believe, St. Louis and filed a DJ action. We called them and said, hey, you don't have jurisdiction in St. Louis. They agreed to transfer that action to Arizona. And in the interim, we had filed our infringement lawsuit. And that infringement lawsuit, as most infringement lawsuits do, had a claim for direct infringement, a claim for inducement of infringement, and a claim for contributory infringement, all three. Very early on in the case, it was admitted that there was no sale. We took discovery on that issue, didn't discover a sale. So instead, we had a direct infringement claim under claim 11 of the patent for advertising for sale a product that was patented. That was the only claim that went forward on. We quickly disclaimed the ability to go after damages here. This became a permanent injunction case. That's all we were seeking. And the only reason that summary judgment wasn't entered, well, summary judgment- I'm going to direct you back to my question. Okay. Okay. So I called it a defense, but it's an affirmative. Right. Okay. So, but still, what's the scope of the res judicata? The scope of the res judicata is what they argued as far as invalidity. And what they argued was public use of the patented product more than a year prior to the patent application. Wait, didn't they also argue co-inventorship? They did. That would be a co-inventorship issue as well, they argued. I just don't want you to limit yourself beyond what I think the record actually is. You're absolutely right. The record is, they switched arguments on us multiple times. I believe both of those issues are properly briefed in the summary judgment. But I think that Judge Stoll's question is really important because as I was researching this, I was trying to ascertain, and I didn't get a clear picture from your brief on this, but I was trying to ascertain what the scope of claim preclusion would be in a circumstance like this. And is it limited to just the particular invalidity defenses you raised, or as we held impactive versus Dow, the defense of claim preclusion will generally be available when asserted claim was or could have been raised in a prior action between the parties which has been adjudicated on the merits. So is your argument that claim preclusion applies only to the defenses in particular that they raised, or is your argument that under standard law of res judicata or claim preclusion, it would apply to everything they could have raised and had an opportunity to in the litigation? We dropped a footnote regarding this issue, Your Honor. The answer is, there's claim preclusion here. And that's the first answer. The second answer is, we believe that claim preclusion is broad, of course, and we're going to seek as much claim preclusion as we can. And let's be clear here, this loss... How broad? It's broad enough so they can't argue that this patent is invalid in a separate suit where they, if they sell the product at issue, but you know, this was an advertising... So you're recognizing HALCO. We have a decision called HALCO, which says if you sue them on one product and they raise an But if you sue them on a totally different product, a whole new suit, all over again, start over, do over, claim preclusion doesn't apply in that circumstance. Is that what you're recognizing in your statement? Absolutely. And I think that's really critical here because, you know, they got out of our direct infringement claims. They escaped liability. They escaped a permanent injunction here as a result of the court's ruling on rightness. But, you know, if they turn around tomorrow and start selling the product that they advertised, we will sue them for infringement. And in that case, they will be precluded from challenging the patent at issue. Okay. I have a dumb question about the facts. When they brought the DJ suit, what did they allege was the basis of jurisdiction? Did they expressly identify their advertisements or particular sales of particular products? You know, there has to be, if it's not reasonable operational suit, there has to be some case or controversy as between the go forward and challenge validity. For subject matter jurisdiction, they identified a phone call that was made by Ron Kramer, the president of Thermalife International, directly to someone at Creative Compounds, indicating, hey, I received this solicitation email, which attached the flyer to it. And I have a patent over that product. You cannot go ahead and sell it. The very next day after that phone call, they ran to court. And so they argued subject matter jurisdiction based on the threat of an infringement lawsuit. It was transferred by consent. They agreed to transfer it as a result of lack of personal jurisdiction over Mr. Kramer, because they were under the idea at that point that Thermalife International somehow could be tied in to jurisdiction on personal jurisdiction. And eventually, they agreed with us that they couldn't. If there's no more questions, I'll reserve the remainder of my time for rebuttal. OK, let's hear from the other side. We'll save your rebuttal time. Mr. Nolte. Thank you. May it please the court, Creative submits that this case was litigated to a draw and that neither party was a prevailing party. However, Thermalife believes that their prevailing party, even though they failed to get a judgment on their direct infringement claim, their contributory infringement claim, and their summary judgment was rendered against them on their inducement of infringement claim. What happened to them on those infringement claims? Was judgment actually entered against them? On direct and contributory, the court decided that the case was not right. On the inducement claim, it was dismissed without prejudice. They were allowed to reassert those claims. That's right. So no status quo has been changed with regard to those claims. But with reduced to the inducement of infringement claim, there is a summary judgment that was rendered against them based upon the fact that there was no direct infringement. Now, the court probably could have done the same thing on direct and contributory, but for some reason did not do that, but decided to render summary judgment on inducement of infringement. That was not appealed. So that remains and it's unchangeable now. And that's a case that actually puts us in a different position because the inducement claim they cannot bring, even though they only asserted claim 11, they can't assert any of the other claims against us now for inducement on that product. For that one act of alleged infringement. Right. Or I believe that if the exact same act was done again, that would still apply. Because if we sold a different product, then perhaps they could claim inducement of infringement on that product. But if we tried to sell this exact same product again, well, that issue has been decided. So if I could, Your Honor, I would like to actually get to the standard of review. If you want to hear about that, I believe the standard review in this case should be abuse of discretion. Now, ThermoLife is right that after Manildro milling, the standard of review was de novo set by this court. But after that, in the Highmark case, the Supreme Court decided that all aspects of a district court section 285... Did the Supreme Court actually consider this issue in the Highmark case? They didn't consider prevailing party, no. But the statement that all aspects should be dealt with on an abuse of discretion level... But that issue wasn't before then, was it? The issue of prevailing party. When they said all aspects, you're picking one sentence out of their opinion and you're applying it to an issue that wasn't even before then, right? No, but I believe that is correct. But when you say all aspects, I believe they're referring to... If it's not binding upon this court, then it's at least something this court should consider because all aspects are all aspects. I think we can take the Supreme Court at their words that they mean all aspects. The Supreme Court dictum is a little more influential than other courts' dictum is what you're suggesting. I'm not saying that's an unfair suggestion, by the way. I would say yes, yeah. But even other courts, if the Federal Circuit had rendered a dictum in some case and I was in a district court, I would definitely cite that to the district court judge. And giving deference to the issue of a prevailing party isn't really such a strange concept. At least in Menildra Milling, the Fifth and Seventh Circuits, the Federal Circuit noted, apply the abuse of discretion standard to prevailing party determination. Additionally, the Supreme Court said in Farrar v. Hobby that a district court the discretion to deny cost, even though a party is a prevailing party. So maybe the determination of a prevailing party is de novo, but the Supreme Court has said the district court still has the ability to say no cost. Well, yeah, but that's the discretionary component, right? I just feel like most of the circuit courts have addressed this question of prevailing party and how it is to be reviewed because it does appear in every cost statute and in many other outside of patent law. And I feel like the result has almost consistently universally been that the question of whether someone is or is not a prevailing party is a legal question subject to de novo review. Certainly there is then a discretionary component of despite the fact that you are a prevailing party, are you entitled to cost or are you entitled to fees? But the underlying determination of whether someone is a prevailing party seems to be under almost every case I could find to be treated as a legal question subject to de novo review. In many circuits it is, and in Menilja and Milling, that is definitely something that the court held. I just want to note and support that in preparation for the argument today, one of my law clerks did some research, and the Fifth Circuit has a case that came out in 2008. It's Dearmoor v. City of Garland, and it says it's a legal question, at least in Fifth Circuit. I mean, I don't know if you have that case in preparation for today, but for what it's worth, the Dearmoor case, and we looked at all of the other circuits, and she's right, the overwhelming majority of them are using a de novo standard of review for this issue. Well, going back to the Supreme Court in the Highmark case, I would submit to this court that Highmark might have changed the landscape. I guess that's why I was bringing up all of these circuit court cases, which, I mean, the word prevailing party appears in MSPB, in employee dispute cases, and in antitrust litigation. Those words are so pervasive in so many different areas of the law, and in all the cases I could find, they're always treated, the determination is treated as legal. It would seem a little difficult for me to assume that when the Supreme Court is not actually even defining those words or working with that in Highmark, it nonetheless meant to change the standard that ought to be applied in every area of the law when an assessment of prevailing party is made. Well, perhaps going back one step, at least for the assessment of prevailing party with respect to 285, I think the abuse of discretion is the appropriate standard. Well, are you drawing a distinction between who prevails on a specific issue, which does seem to call upon how the law applies, and the balance when one side succeeds on one aspect and another side succeeds in another aspect, that there is a distinction in terms of balancing, determining who is the overall prevailing party on the entirety of the circumstances? That's right, and I think because it rests on so many factual issues of how the case was litigated, the things that happened below, just as this court said below, that there was no litigation misconduct and that for purposes of prevailing party, that was taken into account. So I think those factual determinations and view of how the case was litigated does play in on who is a prevailing party and what standard of review should be used. In any event, discretion definitely permeates the prevailing party and cost issue. Turning to the merits of the case, ThermoLife's cases that they cite for the proposition that they are a prevailing party are factually differentiable. In Manildra Milling, the defendant in that case actually won on invalidity and had the patent held invalid, but lost on issues like Sherman Act, Lanham Act, and common law issues. And basically the court held that they were a prevailing party even though they lost on multiple issues because they attained some victory on the issues on which they sought relief. That's not the case here. Every issue upon which they sought relief, they did not win. The only thing they got is the very narrow issue of whether the prior use by creative of DIAC, the patented article. What's your view on the breadth of the claim preclusion? What would you be precluded from raising in another litigation? I believe we'd be precluded from bringing up that same issue on that same product. So there may be other invalidity arguments. So you think that you could argue invalidity based on the same grounds that you already raised? No, not on the same grounds. I believe we could raise invalidity if a different product was accused. I believe we could raise invalidity not on those grounds, but we could raise invalidity on other grounds, that same product being used. And we could raise invalidity on different arguments that may arise that we didn't argue in the lower court. How could you, when you say we didn't argue, so this is critical to me because I don't know the answer and I'm trying to figure it out. We have cases that say claim preclusion, and this is a quote from Pactiv, our case here, the defense of claim preclusion will generally be available where the asserted claim was or could have been raised in the prior action between the parties which has been adjudicated on the merits. So the could have been raised part seems to suggest that in our circuit, and I think that suggests that what you're precluded from wouldn't just be this one little prior art related validity concern, but maybe you'd be prevented from also saying like obviousness on that. Maybe you'd also be prevented from other validity concerns that where those references were within your possession and you chose not to assert them. Do you understand what I'm saying? I understand what you're saying. Was or could have been raised seems to be the language. So I'm not sure that your statement about what claim preclusion would apply to you is consistent with our precedent. Are there other cases you want to point me to? I think the cases of Epic Metals and Foster versus Halco and Halco versus Foster all talk about the fact that if a new product is accused of infringement, then invalidity issues can be brought up again by the defendant. So I'm not sure how that applies to then the could have been raised because those cases don't deal with could have been raised. You're absolutely right. In a whole new product, which is sort of like a do-over, but suppose they want to sue you in the future on this product. Do you have the right to bring any validity defense you want or is it did raise or could have raised as with regard to this product? I believe that we would only be precluded on the on the bases of invalidity that were put forth in the lower court. So you think that could have been raised language is just not applicable for some reason? I don't believe that. I'm not familiar with that case and it wasn't in any of the party's briefings, so I can't speak to that exact case. I can tell you that I have found no other case in the cases that were cited that put in a could have been raised limitation on invalidity defenses that can be raised. But isn't there a difference in light of the powerful public policy of finality that shouldn't a distinction be drawn between in terms of the could have been raised that it should have been pleaded? It may not have been decided by the district judge and so perhaps it remains available to be raised again in a subsequent suit. But if it's not mentioned at all, although it could have been, then aren't we going in a direction that I think the cases take us strongly against? You can't say well I'm going to raise this issue in this case but never mind if you sue me again, especially if there's a difference in the deep pockets of the parties and all the rest of it, then I'm going to raise another issue and put you through another several years of litigation. I think that the could have been raised is a very important aspect to be considered. Now, whether in fact in your pleadings they were sufficiently general so that they covered the could have been raised or in responding to the issues that were presented by Mr. Kramer, but there are distinctions here that I think we shouldn't blur. Well, I think another thing to point out to your honor is that you know this was decided on summary judgment. The case was shortened, foreshortened, and not every basis for invalidity could have been discovered by that point in time. So if another basis of invalidity would be discovered by the defendant, I think there's a strong public policy and also making sure that invalid patents don't continue. You can raise an issue subject of course to fleshing it out with discovery, but that too, I think the fact that it was decided on summary judgment on one issue is certainly significant, but as to what else might, could have been raised even though not resolved is I think an aspect in the overall again totality of the circumstances, don't you? Yes, I agree with that too. I think so maybe let me try to see if I understand your argument. Maybe your argument is even if this court was inclined to continue the line of cases which say could have been raised, arguments are off the table, your argument because your concern was well what if we newly discover prior art? Could have been raised maybe doesn't apply in that situation. I mean that's the Judge Newman totality of the circumstances, right? If you didn't even know about it and you know your reasonable efforts didn't discover it, then it couldn't have been barred. I can see where it could have been raised. The argument could be well if you'd have done a prior art search at this point in time, you could have found this or you know. We found prior art not listed on the face of the patent itself. Or prior art that, right, not listed on the face of the patent itself, but if it was in your possession, I can see it could have been raised, but if it wasn't in your possession, could it have been in your possession? Because you could have done a search after all you were charged with patent infringement, perhaps you should have done a search. I know in the administrative basis, you know, that's in the patent trademark office, you can be held, you know, you should have found this as far as second bites at the apple. But you were the complainant, you filed the declaratory action. It isn't an extra, an additional burden in that case to at least to raise, to plead the issues on which you rely? I disagree, Your Honor, and there's case law that says that the dispute doesn't change and the burdens don't change just because a summary or a declaratory judgment action is filed. There's no flipping of who has the burden. Not the burden of proof, but just the burden of coming forward to place issues in dispute. I think that's a dangerous situation because you're drawing a distinction then, you're changing the burdens on the defendant, whether he asserts his right to bring a So you're saying no other could have been raised? I'm pardon me? You say then that it's meaningless, that the fact that statute and precedents say could have been raised. Does it apply in a declaratory action? No, I don't think that should apply to a declaratory action different than a action just where you use it as a affirmative defense. Okay, any more questions? Good, okay. Thank you, Mr. Nolte. Thank you. I have four points I want to get to here real quick. First, there was a discussion as to whether or not the standard of review for a prevailing party determination should change based on whether or not the judgment below is mixed. Whether or not one side got some relief and the other side got some relief too, and therefore now we're doing some sort of a weighing test. I'd refer the court to Shum, which is a federal circuit case. In that case, the court did a weighing analysis where the plaintiff prevailed for a substantial judgment on a patent infringement claim, and the defendant received some relief. There the court applied a de novo standard of review, even in that situation. Second, there was an argument made that for some reason issue preclusion or collateral can't apply here, because this case didn't go all the way to trial. That this was a summary judgment ruling, and therefore a creative compound shouldn't be a stopped for any reason. This was not a quick strike summary judgment motion. This was a summary judgment motion that was filed after close of discovery, where all the issues should have been before the court, and to the extent that creative compounds wanted to take discovery, or the extent that creative compounds had other arguments as to why the patent would be invalid, it should have already raised them. So therefore, in my view, this is the classic example of creative compounds having an opportunity to raise any argument that it wanted to as to patent validity. Last, there was a question as to whether or not we're appealing the court's denial of costs under 54B. I agree with the court that that issue is not clear in the brief. It is mentioned. Stop saying that. I found that you say it in your statement of issue on page two of your blue brief. So don't take away what I found that you actually said. Thank you, Your Honor. It is in the statement of issue. It's also in the conclusion on the reply. My last point, and then I'll take more questions. There was a question as to whether or not the district court has already determined that this case isn't exceptional. I went through the court's order setting here on the decision on prevailing party, and this is the quote. As stated, whether plaintiffs or the prevailing party... Where are you reading from? I'm sorry. What page? This is the last page of the court's order. The court's order on the prevailing party standard. It's just above the conclusion. So he has a conclusion. Is there a stage A-5? I believe that's correct. As stated above, whether plaintiffs or the prevailing party is a threshold issue, and then the court cites Mildredra mining. And then the court continues. Therefore, because plaintiffs are not the prevailing party, court, and it should be the court, does not need to address whether plaintiff's claims, attorney's fees are reasonable, whether this is an exceptional case, and whether plaintiffs are entitled to anything else. I cut it off there. I think we'd like the opportunity to go back before the court and find out what his conclusion is as to exceptionality. We believe that the conduct below was exceptional, absolutely. And we believe, on the record, we were the prevailing party. And we'd like this court to reach that conclusion on both, and overturn what the lower court did. OK. Any more questions? OK. Thank you. Thank you both. The case is taken under submission. Thank you.